UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: LORNA Y. CHANNER,<br>*Debtor* | BANKR. NO. 10-21232 (JJT)<br>*Chapter 7* |
| LORNA Y. CHANNER<br>*Debtor-Appellant*,<br><br>v.<br><br>PENNSYLVANIA HIGHER<br>EDUCATION ASSISTANCE AGENCY<br>*Appellee*. | CIVIL NO. 3:19-CV-00319 (KAD)<br><br><br><br><br><br>DECEMBER 11, 2019 |

**MEMORANDUM OF DECISION**

Kari A. Dooley, United States District Judge

Appellant Lorna Channer (the "Appellant") appeals from the decision of the United States Bankruptcy Court for the District of Connecticut ("Bankruptcy Court") denying her motion to reopen her Chapter 7 bankruptcy case pursuant to 11 U.S.C. § 350(b).[1] For the reasons set forth below, the Court AFFIRMS the Bankruptcy Court's decision.

**Background[2]**

On April 16, 2010, the Appellant sought relief under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code"). On Schedule F of her bankruptcy petition, the Appellant listed as unsecured and non-priority her student loans, which were obtained through the Federal Family Education Loan Program and guaranteed by the Pennsylvania Higher Education Assistance Agency, d/b/a American Education Services ("PHEAA").[3] On November 3, 2010, the

---

[1] Section 350(b) states: "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

[2] Unless otherwise indicated, the following facts are undisputed.

[3] The Appellant now appears to dispute whether PHEAA guaranteed the student loans. But, as the Appellant acknowledges, she identified PHEAA as the creditor for her "educational student loan" in her Schedule F. Ch. 7 Pet.

Bankruptcy Court issued an order of discharge. In that order, the Bankruptcy Court explained that there are "[s]ome . . . common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case," which include "[d]ebts for most student loans." *In re Channer*, No. 10-21232 (JJT), ECF No. 64 at p. 2, ¶ d. (Bankr. D. Conn. Nov. 3, 2010). The bankruptcy case was administratively closed on August 29, 2013.

In or about 2017, PHEAA began garnishing the Appellant's wages. In response, the Appellant filed various motions with the Bankruptcy Court in which she contended that PHEAA should be held in contempt for attempting to collect a debt that had been discharged by order of the court. As relevant to the instant appeal, on September 17, 2018, the Appellant filed a motion for order to show cause, which was denied on November 15, 2018 without prejudice to reconsideration if the bankruptcy case was reopened. On January 2, 2019, the Appellant filed a motion to reopen the bankruptcy case and for reconsideration of her motion for order to show cause. In that dual-motion, the Appellant argued, among other things, that her student loan debt had been discharged and that PHEAA was not a governmental entity entitled to protection from such discharge. On January 17, 2019, the Appellant filed an amended motion for order to show cause, in which she raised these same arguments. On January 31, 2019, PHEAA filed an objection to the Appellant's pending motions. PHEAA argued that the motions should be denied because the student loan debt was nondischargable under 11 U.S.C. § 523(a)(8) and the Appellant had failed to exhaust her administrative remedies with respect to the garnishment of her wages. PHEAA further asserted that because the debt was nondischargable, it followed that the Appellant could not establish by clear and convincing evidence that PHEAA acted in contempt of the court's discharge order.

---

at 26, *In re Channer*, No. 10-21232 (JJT) (Bankr. D. Conn. filed Apr. 16, 2010), ECF No. 2; *see also* Mot. Reopen at ¶ 15, *In re Channer*, No. 10-21232 (JJT) (Bankr. D. Conn. filed Jan. 2, 2019), ECF No. 98.

On February 20, 2019, after a hearing, the Bankruptcy Court issued a decision denying the Appellant's motion to reopen. *In re Channer*, No. 10-21232 (JJT), 2019 WL 856247, at *1 (Bankr. D. Conn. Feb. 20, 2019). The Bankruptcy Court determined that the Appellant's student loan debt was not subject to discharge simply because it was listed on her Schedule F, as the Appellant contended. *Id.* Rather, the proper avenue for seeking discharge of this debt was to commence an adversary proceeding pursuant to Rule 7001 of the Federal Rules of Bankruptcy Procedure, which the Appellant had not done. *Id.* The Bankruptcy Court further rejected the Appellant's contention that PHEAA was not a governmental entity under Section 523(a)(8) because controlling Pennsylvania law made clear that PHEAA was a statutorily-created state agency. *Id.* Because the Appellant's reasons for reopening her bankruptcy case and seeking contempt sanctions rested on a faulty premise, the Bankruptcy Court found that there was no relief that could be accorded to her and denied the motion to reopen. *Id.* at *2. On March 4, 2019, the Appellant timely filed the instant appeal.

**Standard of Review**

Federal district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158(a). Courts "review the bankruptcy court's findings of fact for clear error and its legal determinations de novo." *In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018). "A bankruptcy judge's decision to grant or deny a motion to reopen pursuant to 11 U.S.C. § 350(b) shall not be disturbed absent an abuse of discretion." *In re Smith*, 645 F.3d 186, 189 (2d Cir. 2011). "The reason is that such decisions invoke the exercise of a bankruptcy court's equitable powers, which is dependent upon the facts and circumstances of each case." *In re Chalasani*, 92 F.3d 1300, 1307 (2d Cir. 1996). An abuse of discretion "occurs when (1) the court's decision rests on an error of law (such as application of the wrong legal principle) or clearly

erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010) (alterations omitted; citations omitted; internal quotation marks omitted) (quoting *Kickham Hanley P.C. v. Kodak Ret. Income Plan*, 558 F.3d 204, 209 (2d Cir. 2009)).

**Discussion**

On appeal, the Appellant contends that the Bankruptcy Court erred when it denied her motion to reopen because there are issues of fact concerning whether PHEAA qualifies as a governmental unit under Section 523(a)(8) and, therefore, whether her student loans were presumptively nondischargeable. PHEAA responds that the Bankruptcy Court properly concluded that the student loans had not been discharged and, therefore, there was no cause to reopen the bankruptcy case. Upon a review of the record, the Court concludes that the Bankruptcy Court acted well within its discretion when denying the Appellant's motion to reopen.

The discharge provision of the United States Bankruptcy Code discharges all debts "[e]xcept as provided in section 523." 11 U.S.C. § 727(b). Pursuant to Section 523(a)(8), student loans "made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution" are presumptively non-dischargeable in bankruptcy unless the debtor establishes "undue hardship." 11 U.S.C. § 523(a)(8)(A)(i); *accord Easterling v. Collecto, Inc.*, 692 F.3d 229, 231–32 (2d Cir. 2012). The Bankruptcy Code defines a "governmental unit," in relevant part, as a "department, agency, or instrumentality of . . . a Commonwealth. . . ." 11 U.S.C. § 101(27). Here, PHEAA plainly qualifies as a governmental unit. PHEAA is a statutorily-created "governmental instrumentality" tasked by the Commonwealth of Pennsylvania with improving higher educational opportunities, in part, by

guaranteeing student loans.[4]  24 Pa. Stat. §§ 5101–5102; *Penn. Higher Educ. Assistance Agency v. Xed*, 456 A.2d 725, 725 (Pa. 1983) ("PHEAA is a statutorily created instrumentality that guarantees educational loans made to persons pursuing higher education.").

Citing to *United States ex rel. Oberg v. Pennsylvania Higher Education Assistance Agency*, 804 F.3d 646 (4th Cir. 2015) ("*Oberg*"), the Appellant argues that there are issues of fact concerning whether PHEAA can qualify as a government entity "because [PHEAA] is now a self-sufficient student loan financial-services company." (Appellant Reply Br. at 5, ECF No. 15.) And, therefore, the Bankruptcy Court erred by not permitting discovery into this issue. *Oberg* is inapposite. There, the Fourth Circuit Court of Appeals had to determine "whether PHEAA qualifies as an 'arm of the state' or 'alter ego' of Pennsylvania such that it cannot be sued under the [False Claims Act]."[5] *Oberg*, 804 F.3d at 650. To answer that question, the court considered, among other things, whether primary legal and financial liability for a judgment against PHEAA would fall on Pennsylvania. *Id.* at 650–51. Here, Pennsylvania's legal or financial liability vis-à-vis PHEAA is irrelevant. The sole issue is whether PHEAA falls within the definition of "governmental unit" for purposes of Section 523(a)(8), which it clearly does. *See* 11 U.S.C. § 101(27); 24 Pa. Stat. § 5101. No amount of discovery into PHEAA's financial independence or Pennsylvania's vicarious liability for PHEAA's conduct could change this conclusion.

Because PHEAA is a governmental unit, the Appellant's student loan debt was presumptively non-dischargeable unless she established undue hardship. 11 U.S.C. § 523(a)(8)(A)(i). "To seek an undue hardship discharge of student loans, a debtor must 'commence

---

[4] The originating statute for the PHEAA refers to it as both an instrumentality and an agency. 24 Pa. Stat. § 5101. Whether PHEAA is better characterized as an agency or instrumentality of Pennsylvania is immaterial, as both entities qualify as governmental units under the Bankruptcy Code. 11 U.S.C. § 101(27).

[5] The question of whether PHEAA could be sued under the FCA was the subject of three appeals before the Fourth Circuit. For the sake of simplicity, the Court refers only to the last appeal, which contains an extensive and thorough discussion of the holdings from the prior two appeals. The Court also address only those parts of *Oberg* relied upon by the Appellant.

an adversary proceeding by serving a summons and complaint on affected creditors.'" *Easterling*, 692 F.3d at 232 (quoting *U.S. Aid Funds, Inc. v. Espinosa,* 559 U.S. 260, 269 (2010)). It is undisputed that the Appellant has never instituted an adversarial proceeding in the bankruptcy court to have her student loans discharged for undue hardship. Therefore, the Appellant's student loans cannot have been, and were not, discharged.

The only purpose of granting the motion to reopen would have been to allow the Appellant to pursue her claim that PHEAA's efforts to collect on the student loan debt were in contempt of the Bankruptcy Court's order discharging that debt. Because the Appellant's student loans were never discharged, reopening her bankruptcy case to determine whether PHEAA should be held in contempt would have been a fruitless endeavor. As such, it was not an abuse of discretion for the Bankruptcy Court to deny the Appellant's motion to reopen.[6]

**Conclusion**

For the reasons set forth in this decision, the decision of the Bankruptcy Court denying the Appellant's motion to reopen is hereby AFFIRMED. The Clerk of Court is directed to close this matter.

**SO ORDERED** at Bridgeport, Connecticut, this 11th day of December 2019.

       /s/ Kari A. Dooley
      KARI A. DOOLEY
      UNITED STATES DISTRICT JUDGE

---

[6] Through this appeal, the Appellant also seeks to litigate several claims and issues that are not germane to the Bankruptcy Court's decision denying the motion to reopen. For example, the Appellant seeks to litigate whether PHEAA engaged in predatory lending and debt collection practices. Although this accusation was made in passing in the motion to reopen and for reconsideration, the basis the Appellant provided for reopening her bankruptcy case was that PHEAA's efforts to collect on the student loans (predatory or not) violated the order of discharge. Consequently, the Bankruptcy Court's decision focused on the narrow issue of whether the student loan debt had been discharged. Because this Court's jurisdiction on appeal is limited to review of the "final judgments, orders, and decrees" of a bankruptcy judge; 28 U.S.C. § 158(a); the Court does not take up these collateral issues as they are not relevant to the Bankruptcy Court's denial of the motion to reopen.