UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: LORNA Y. CHANNER,<br>*Debtor* | BANKR. NO. 10-21232 (JJT)<br>*Chapter 7* |
| LORNA Y. CHANNER<br>*Debtor-Appellant*,<br>v.<br>PENNSYLVANIA HIGHER<br>EDUCATION ASSISTANCE AGENCY<br>*Appellee.* | CIVIL NO. 3:19-CV-00319 (KAD)<br><br>FEBRUARY 7, 2020 |

# ORDER
# RE: MOTION FOR RECONSIDERATION

Kari A. Dooley, United States District Judge

This appeal arose out of the denial of the Appellant's motion to reopen her Chapter 7 bankruptcy case. The Appellant had sought to reopen her bankruptcy case in order to pursue a motion for contempt against the Pennsylvania Higher Education Assistance Agency, d/b/a American Education Services ("PHEAA") because of its on-going efforts to collect a student loan debt, which, she claimed, had been discharged by the United States Bankruptcy Court for the District of Connecticut ("Bankruptcy Court"). The Bankruptcy Court denied the motion to reopen after determining that the Appellant's student loan debt had not been discharged and, therefore, no relief could be accorded to her. The Appellant appealed that decision, and this Court affirmed. *See generally In re Channer*, No. 3:19-CV-00319, 2019 WL 6726397 (D. Conn. Dec. 11, 2019). Now pending before the Court is the Appellant's motion for reconsideration of this Court's decision. (ECF No. 18.) The Court assumes the parties' familiarity with the factual and procedural history of this case. For the reasons set forth below, the motion for reconsideration is DENIED.

"The standard for granting a motion for reconsideration is strict." *Roman v. Leibert*, No. 3:16-cv-1988 (JCH), 2017 WL 4286302, at *1 (D. Conn. Sept. 27, 2017) (quoting *Ricciuti v. Gyzenis*, 832 F. Supp. 2d 147, 165 (D. Conn. 2011)); *accord Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* D. Conn. R. Civ. P. 7(c)(1) ("Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions."). "The primary function of a motion for reconsideration 'is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence.'" *Alexander v. Gen. Ins. Co. of Am.*, No. 3:16-cv-00059 (SRU), 2017 WL 188134, at *2 (D. Conn. Jan. 17, 2017) (quoting *LoSacco v. City of Middletown*, 822 F. Supp. 870, 876 (D. Conn. 1993), *aff'd*, 33 F.3d 50 (2d Cir. 1994)). Accordingly, "[a] motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

The Appellant's motion for reconsideration does not satisfy this stringent standard. The Appellant has not identified any intervening change in controlling law, new evidence, or any clear error that warrants correcting. Instead, the Appellant seeks to relitigate the issues raised on appeal and even advances new and additional bases upon which the collection of her student loan by PHEAA should be precluded.[1] As the Second Circuit Court of Appeals has explained, a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."

---

[1] Notably, the arguments advanced by the Appellant are not germane to the question of whether her student loan debt had been discharged in bankruptcy, the issue which was dispositive of the motion to reopen. As such, they are not germane to the issues that were raised and decided on appeal.

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted). Accordingly, the Court finds no reason to reconsider its earlier decision.

The motion for reconsideration (ECF No. 18) is DENIED.

**SO ORDERED** at Bridgeport, Connecticut, this 7th day of February 2020.

                                       */s/ Kari A. Dooley*
                                       KARI A. DOOLEY
                                       UNITED STATES DISTRICT JUDGE